Attorneys for Plaintiff, BAHMAN REZAIPOUR
CHRISTY L. O'DONNELL, SBN 229602
PATRICIA M. JENG, SBN 272262
McCUNE & HARBER, LLP
515 South Figueroa Street, Suite 1150
Los Angeles, California 90071
Telephone: (213) 689-2500
Facsimile: (213) 689-2501
codonnell@mccuneharber.com and pjeng@mccuneharber.com

Attorneys for Defendant, COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| BAHMAN REZAIPOUR<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, DEPARTMENT OF MENTAL HEALTH; and DOES 1 through 50 Inclusive,<br><br>Defendants. | Case No: CV12-5005 MWF(VBKX)<br><br>(Complaint filed on April 27, 2012)<br><br>[PROPOSED] PROTECTIVE ORDER |

Pursuant to this Court's May 1, 2013 request for a Proposed Protective Order, Defendant COUNTY OF LOS ANGELES (hereinafter "Defendant"), has revised the prior Joint Stipulation and Proposed Order filed with this Court and returned to the parties will the below proposed orders and now submits the requested [Proposed] Protective Order:

1. **"Confidential" Documents** - In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, or testimony as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which

-1-

constitutes or expressly addresses personnel records of third parties, medical records of third parties, Probation Department records of minor wards, or payroll records of third parties, or confidential investigative files the disclosure of which information may have the effect of causing harm to the person or the County of Los Angeles from which the information was obtained.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party is making the designation is certifying to the court that there is good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Parties may also at any time designate any document as "Confidential" under terms of this Order, even if the document(s) were previously inadvertently produced and should have been marked "Confidential".

2. **"Confidential" Deposition Testimony** – The testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding, specifically identifying that portion of the deposition, conference, hearing, or trial that is to be considered "confidential." Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. Depositions involving Confidential Documents and/or Material shall be taken only in the presence of "qualified persons" designated below:

a) A party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action.

b) experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action.

c) any other person as to whom the parties in writing agree.

3.  **Confidential - Attorneys' Eyes Only Documents/Material" Produced to Specific Persons** – The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material), in the manner described in paragraphs above. Attorneys Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties, and to the "qualified persons" listed in subparagraphs above, but shall not be disclosed to a party, or to an officer, director, or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

4. **Inadvertent Production -** Should any party inadvertently produced a "Confidential" document or other material without first having marked it as "Confidential," that party shall immediately inform the opposing party's counsel of the specific documents and materials that shall be treated as "Confidential" from that point on. Thereafter, such documents and materials shall be treated as "Confidential" under the provisions of this protective order. All copies of such documents and materials that were produced without the "Confidential" label shall be destroyed by the receiving party, to be replaced with the copies marked "Confidential." If the party who received the un-marked documents or materials provided third parties with copies of those un-marked documents or materials before they were belatedly marked as "Confidential," that party will, upon receiving proper notice from opposing counsel that the materials are to be considered "Confidential," request the return of all such documents and materials from those third parties.

4.  **Use of "Confidential" Documents and Materials**

Documents and other materials designated as "Confidential" shall be used only for the purpose of the prosecution, defense, or settlement of Plaintiff's claims against the County in this Federal lawsuit, and for no other purpose. Such materials shall not be

disclosed to the media or to third parties, except as noted herein. It shall not be a violation of this Order for a party or his/its counsel to disclose "confidential" documents or material to third-party expert witnesses, consultants, or percipient witnesses for the purpose of prosecution, defense, or settlement of Plaintiff's claims against the County.

     5. **Third Parties at Deposition** - If a person not identified as a "qualified person" above, is present at a deposition at which "Confidential" documents or material is to be introduced and addressed, that person shall not be permitted to be present while such "Confidential" documents or materials are addressed during the deposition.

     6. **No Waiver of Confidentiality** - In the event that any "Confidential" material is used in Court in this proceeding or in other legal proceedings, it shall not lose its confidential status through such use. Nothing herein shall require parties to waive disclosure of any confidential or privileged testimony, documents, materials or things as set forth in state and/or federal statutory/case authority.

     7.    If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order" and filed under seal until further order of this Court.

     8. **Motions for Court Order** – This order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether or not any particular document or information is "confidential" or whether its use should be restricted in the manner contemplated by this Order or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

     9. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the

1  Court unnecessarily in the process. Nothing in this Order nor the production of any
2  information or document under the terms of this Order nor any proceedings pursuant to
3  this Order shall be deemed to have the effect of an admission or waiver by either party or
4  of altering the confidentiality or non-confidentiality of any such document or
5  information or altering any existing obligation of any party of the absence thereof.

6      10. This Order shall survive the final termination of this action, to the extent that
7  the information contained in Confidential Material is not or does not become known to
8  the public, and the Court shall retain jurisdiction to resolve any dispute concerning the
9  use of information disclosed hereunder. Upon termination of this case, counsel for the
10 parties shall assemble and return to each other all documents, material, and deposition
11 transcripts designated as confidential and all copies of the same, or shall certify the
12 destruction thereof.

### ORDER

**GOOD CAUSE APPEARING,** The Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

DATE: 5-3-2013

_____
THE HONORABLE JUDGE VICTOR B. KENTON

-5-

O:\Review\CV 12-5005- REZAIPOUR Proposed Protective Order.docx 20500002